IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GILBERT ACEVEDO ) | CASE NO. 1:10CV1280 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| J. T. SHARTLE, WARDEN ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Respondent. ) | |

Petitioner *pro se* Gilbert Acevedo, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Also before the Court is Petitioner's Motion to Amend. (ECF 5). He pled guilty in the United States District Court for the Northern District of Ohio to several counts of fraud and swindles in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343 and false or fraudulent claims through the IRS in violation of 18 U.S.C. § 287. *United States v. Acevedo*, Case Nos. 1:98CR140, 1:98CR314. On November 30, 2009, he was sentenced to a term of imprisonment of 57 months. His appeals to the Sixth Circuit are pending. *United States v. Acevedo*, Case Nos. 09-4507, 09-4516.

Petitioner asserts that his federal sentence was influenced by a prior state conviction of which he is actually innocent. The Ohio prosecutor allegedly violated Ohio law and thereby had no jurisdiction to file charges and his counsel was ineffective. He seeks an order vacating the state conviction and that his federal sentence be adjusted accordingly.

A petitioner cannot file a habeas corpus action challenging a conviction unless he is in custody pursuant to that conviction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). See 28 U.S.C. § 2241(c)(3). His state conviction occurred in 1988. There is no indication that he has not been discharged from custody for that conviction. In *Melong*, the Court held that "in custody" has never been extended it to the situation where a habeas petitioner suffers no present restraint from conviction. *Id.* at 492.

The Supreme Court has held that a habeas petitioner could not collaterally attack the validity

of an expired state conviction which was used to enhance a later sentence for which the defendant was in custody. An exception exists for cases in which the prior, expired conviction was obtained in violation of the Sixth Amendment right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Custis v. United States,* 511 U.S. 485 (1994). *See Garrison v. Sampson,* 2010 WL 2507783 * 3 (E. D. Mich., May 14, 2010). There must be a failure to appoint counsel. *Id.* In the present case, Petitioner has acknowledged that he was represented by counsel in his state court case. In fact, he contends that his counsel was ineffective. Thus, his § 2241 action must fail.

Accordingly, Petitioner's Motion to Amend Petition is granted. (ECF 5). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Date: 8/10/10

JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.