IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT ACEVEDO | ) | CASE NO. 1:10CV1280 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| J. T. SHARTLE, WARDEN | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

On August 10, 2010, the Court dismissed *pro se* Petitioner Gilbert Acevedo's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. He asserted that his federal sentence was influenced by a prior state conviction of which he is actually innocent. The Ohio prosecutor allegedly violated Ohio law and thereby had no jurisdiction to file charges and his counsel was ineffective because he was not prepared for trial. Petitioner sought an order vacating the state conviction and that his federal sentence be adjusted accordingly. The Court found that he was not in custody on the state conviction and therefore could not challenge it. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). See 28 U.S.C. § 2241(c)(3) In *Melong*, the Court held that "in custody" has never been extended to the situation where a habeas petitioner suffers no present restraint from conviction. *Id*. at 492. This matter is now before the Court upon Petitioner's Motion for Reconsideration. (ECF 8).

Petitioner explains that he is not challenging his state conviction. Instead, he is challenging his currently served enhanced sentence as being unconstitutionally enhanced by the state convictions for lack of an asbestos license in violation of R.C. 3710.05 and aggravated theft due to lack of legal right, i.e., license to perform a project in violation of R.C.2913.02. He asserts that he is actually innocent because R.C. 3710.05 was not in effect at the time he completed the asbestos project. Although the statute contains a March 17, 1987 date, Petitioner claims that it became effective July 20, 1987, after he completed the project. A prosecution witness who was added to the witness list just prior to trial testified falsely that the statute was in effect at the time in question. Petitioner states

that this is newly discovered evidence. He has consistently tried to gather proof and evidence that the prosecution's case was premised on error but was unsuccessful in obtaining the evidence from this witness. In May 2009, while awaiting to be sentenced in a federal tax case, he received information in response to a letter that there have been no criminal prosecutions under R.C. 3710.05 against individuals performing asbestos abatement activities.[1] He contends that this proves that the Department of Health does not acknowledge his conviction as valid. Also, Petitioner asserts that he was denied counsel because his attorney was ineffective.

In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001), the Supreme Court held that a petitioner could be considered to be in custody if he is challenging a sentence enhanced by an allegedly invalid conviction. However, the Court stated "[w]e held there that '[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255.'" *Id.* at 402 (quoting *Daniels v. United States*, 532 U.S. 374, 382 (2001)).

An exception occurs when the habeas action is the first and only forum available for review of the prior conviction, either because the state court refused to rule on a constitutional claim properly presented to it or because, after the time for direct or collateral review expired, a defendant obtained compelling evidence of actual innocence of the crime for which he was convicted. *Coss,* 532 U.S. at 404-06.

He asserts that he is actually innocent because R.C. 3710.05 was not in effect at the time he completed the asbestos project. Although the statute contains a March 17, 1987 date, Petitioner claims that it became effective July 20, 1987, after he completed the project. The United States Supreme Court defined actual innocence as factual innocence, not mere legal insufficiency. *Bousley*

---

[1] R.C. 3710.00 provides a penalty of imprisonment of one to two years and a $10,00.00 to $25,000.00 fine for the first violation.

*v. United States,* 523 U.S. 614, 623-24 (1998). In order to establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* The petitioner is required to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Oguaju v. Eichenlaub,* 2008 WL 2998147 * 2 (E.D. Mich., Aug 1, 2008).

Petitioner does not satisfy the criteria required to support actual innocense. His actual innocence claim is based on a legal argument concerning the legislative history of R.C 3710.05. See *Cable v. Woods*, 2010 WL 502722 *  4 (W.D. Mich., Feb. 5, 2010) (actual innocence claim predicated entirely on legal arguments concerning the legislative history of M.C.L. §§ 750.520b(1)(a) and 750.520c(1)(a), and his interpretation of the 1963 Michigan Constitution falls short of what is required to make out a credible claim of actual (factual) innocence).

Accordingly, Petitioner's Motion for Reconsideration is denied.

IT IS SO ORDERED**.**

      */s/Dan Aaron Polster 9/1/10*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE